IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TITUS THOMAS, #287141<br>    Plaintiff,<br><br>v.<br><br>SGT. MIDDLETON, et al.<br>    Defendants. | \*<br><br>\*<br><br>CIVIL ACTION NO. AW-10-1493<br>\*<br><br>\* |

\*\*\*

## MEMORANDUM

Titus Thomas ("Thomas"), an inmate confined at the Western Correctional Institution ("WCI") in Cumberland, Maryland, filed a Complaint on June 10, 2010. He raised allegations that Defendants, who are WCI officers and fellow inmates, knowingly and willingly participated in a murder for hire conspiracy against him and that the "hit" is noted in his base file. He states that the "ideology" of premeditated murder has followed him from institution to institution. ECF No. 1. He seeks $613,000.00 in damages.

Pending before the court is Thomas's Motion for Summary Judgment, Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, and Thomas's Opposition. ECF Nos. 9, 18, 22. The case is ready for consideration and may be determined without oral hearing. *See* Local Rule 105.6. (D. Md.).

Background

Thomas's allegations of a willful conspiracy to place a "hit" on his life have been repeatedly reviewed by the Court. As recounted in the Memorandum dismissing Thomas's previously-filed civil rights cases,[1] his claims that correctional personnel at various institutions were conspiring to kill him were referred to the Department of Public Safety and Correctional Services Internal Investigative Unit ("IIU") for investigation. After a four-month investigation in which each named

---

[1] *See* ECF Nos. 50 & 51, *Thomas v. Bell*, Civil Action No. AW-08-2156 (D. Md. 2008).

alleged conspirator and inmate was interviewed and medical records, adjustment records, transfer records, administrative remedy requests, and the like were reviewed the investigator concluded in December of 2009 that there was no evidence that any staff or inmates were conspiring to "do or procure any plan to do harm to inmate Titus Thomas." *See Thomas v. Huknelis*, Civil Action No. AW-09-1984 (D. Md.). The medical records reviewed during the internal investigation, and attached thereto, indicate that Thomas suffers from "fixed paranoid delusion." *Id*., ECF No. 18, Ex. A, p. 22.

Further, the materials submitted in *Thomas v. Middleton*, Civil Action No. AW-10-1478 (D. Md.), show that Thomas was placed on WCI administrative segregation on February 19, 2010, pending an investigation into earlier claims that his life was in danger. He was interviewed by a case management team, was evasive, and failed to provide any tangible evidence in support of his claims. He was removed from administrative segregation on February 24, 2010. Thomas's claims have been investigated by the WCI Investigative Unit and the IIU. Both Units have found Thomas's claims to be unsubstantiated.

In their Motion to Dismiss or for Summary Judgment, Defendants note that the issue has been repeatedly raised, addressed by the court, and found to be without merit. In his summary judgment request and Opposition, Thomas continues to claim that there is "factual proof" of his claims and the Defendants are trying to "deep six" his claims by the use of "unfounded propaganda" and "prefabricated psychological rhetoric."

Standard of Review

Fed. R. Civ. P. 56(c) provides that summary judgment:

> should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

2

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## Analysis

As noted above, as a result of Thomas's repeated allegations of conspiracy among correctional staff throughout the DOC, an internal investigation was ordered. The investigative officer interviewed each named correctional employees as well as inmates alleged by Thomas to be participants in the conspiracy. Thomas was also interviewed and his institutional records scrutinized. Many of the correctional employees had no knowledge of Thomas. Others knew Thomas simply by being assigned to the same housing unit. Still others recalled specific issues with

3

Thomas such as writing him an infraction. Each individual denied conspiring to cause Thomas harm. Likewise, the inmates interviewed denied any knowledge of a conspiracy to solicit other inmates to harm Thomas. *See Thomas v. Huknelis*, Civil Action No. AW-09-1984 (D. Md.), ECF No. 18, Ex. A. Simply put, no evidence was adduced to substantiate Thomas's claim. To the contrary, Thomas's medical records suggest that he suffers from paranoia and delusions. *Id*.

To establish a civil conspiracy under § 1983, Thomas must present evidence that Defendants acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in deprivation of a constitutional right. *See Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996). An essential element for a claim of conspiracy to deprive Thomas of a constitutional right is an agreement to do so among the alleged co-conspirators. *See Ballinger v. N.C. Agric. Extension Serv.*, 815 F.2d 1001, 1006-07 (4th Cir. 1987). Without an agreement, the independent acts of two or more wrongdoers do not amount to a conspiracy. *See Murdaugh Volkswagen, Inc. v. First Nat. Bank of South Carolina*, 639 F.2d 1073, 1075-76 (4th Cir. 1981). Thomas must allege facts "that would reasonably lead to the inference that Defendants positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan." *Ruttenberg v. Jones,* 283 Fed.Appx. 121, 132 (4th Cir. 2008). He must also establish that Defendants shared a "unity of purpose or a common design" to injure him. *Am. Tobacco Co. v. United States*, 328 U.S. 781, 809-10 (1946). A conclusory allegation of a conspiracy such as is made here is insufficient to state a claim. *See Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (unsupported claim of conspiracy to issue false disciplinary reports fails to state claim); *Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988) ("allegations of conspiracy…must be pled with sufficient specificity and factual support to suggest a meeting of the minds.") (quotation omitted); *Langworthy v. Dean*, 37 F. Supp.2d 417, 424-25 (D. Md.); *see also Ruttenberg v. Jones*, 283 Fed. Appx. 121, 132 (4th Cir. 2008). Thomas has raised claims of perpetual harassment from correctional officers at WCI, as well as at many other

Division of Correction institutions. He has, however, failed to rebut the materials presented to the Court and to allege facts sufficient to conclude that there was an agreement between any of the named Defendants to place and carry out a "hit" on his life or to otherwise deprive him of his constitutional rights.

## Conclusion

Defendants' responsive paper, construed as a motion for summary judgment is granted. Thomas's Motion for Summary Judgment shall be denied. Judgment shall be entered in favor of Defendants and against Thomas.[2] A separate order follows.

Date: January 18, 2011            _____/s/_____
                                  Alexander Williams, Jr.
                                  United States District Judge

---

[2] Thomas has filed an interlocutory appeal of the Court's decision to deny his motion for appointment of counsel. ECF No. 24. Although the appeal remains pending, the Court sees no reason why it cannot rule on the active responsive papers. Such a "[n]otice of appeal from a non-appealable order does not render void for lack of jurisdiction acts of the trial court taken in the interval between the filing of the notice and the dismissal of the appeal." *United States v. Green*, 882 F.2d 999, 1001 (5th Cir. 1989). This means that the Court is not deprived of jurisdiction to act on court orders or motions (dispositive or other) submitted by the parties. A contrary rule would leave the court powerless to prevent intentional dilatory tactics.